ALD-016                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1863
_____

HASAN SHAREEF,
Appellant

v.

CAPTAIN MOORE; WARDEN DEMORE; ASST. WARDEN FEMALE;
SGT. BLUMMING; CAPTAIN ZENTS; SGT. WAGNER; WARDEN SNEDDON;
MICHAEL SCUILLIO; JEFFREY KENGERSKI; MARK BOWMAN;
MAJOR BATSTER; DA OFFICE; WILLIAM T. FULLERTON, Judge;
OFFICER BRIAN PALKO

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:18-cv-01494)
Magistrate Judge:  Honorable Lisa P. Lenihan (by consent)
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 22, 2020

Before: MCKEE, GREENAWAY, JR., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 22, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

In October 2018, Appellant Hasan Shareef, a prisoner proceeding pro se, filed an action under 42 U.S.C. § 1983, naming as defendants several officials from Butler County Prison, the Butler County District Attorney's Office, Officer Palko, and Butler County Judge Fullerton. Shareef filed an amended complaint, which was ultimately deemed to be the operative filing.[1] His complaint and amended complaint are difficult to follow, but he generally alleged that his property and legal papers were destroyed while he was housed in Butler County Prison, that the Butler County District Attorney's Office and Officer Palko were responsible for his false arrest, and that Judge Fullerton acted improperly with regard to a warrant for his arrest. The District Court, acting through a Magistrate Judge on the parties' consent, granted the defendants' motions to dismiss for failure to state a claim, and Shareef timely appealed. For the reasons stated below, we will affirm the District Court's dismissal of the action.

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the grant of a motion to dismiss pursuant to Rule 12(b)(6). See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). We accept all factual allegations in the complaint as true and

---

[1] Shareef was subsequently given several opportunities to amend his complaint but failed to comply with court orders in his attempts to do so. The District Court did not abuse its discretion in denying Shareef's requests to amend his complaint. Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000).

2

construe those facts in the light most favorable to the plaintiff.  Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012).  We also construe Shareef's pro se complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  We may summarily affirm if the appeal fails to present a substantial question.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

For substantially the reasons given in the District Court's opinion, we will affirm. As explained by the District Court, accepting as true Shareef's allegations that his property and legal papers were destroyed by Butler County Prison officials, Shareef received due process because he had access to and took advantage of an adequate post-deprivation remedy—the Pennsylvania D.O.C.'s grievance procedure.  See Monroe v. Beard, 536 F.3d 198, 209-10 (3d Cir. 2008) (per curiam) (holding that prison officials that confiscated inmate legal materials did not violate the Due Process Clause in part because Pennsylvania D.O.C.'s grievance procedure provided an adequate post-deprivation remedy); Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000) (holding that the "plaintiff had an adequate postdeprivation remedy in the grievance program").  Furthermore, Shareef availed himself of another postdeprivation remedy by filing a motion in his criminal action seeking the return of his property.  See Revell v. Port Auth. of N.Y., N.J., 598 F.3d 128, 139 (3d Cir. 2010) ("[Plaintiff] has failed to explain why New Jersey's state procedures to recover wrongfully seized property, such as the ability to move in the criminal action for return of his property or the ability to file a separate action for a writ of replevin, are insufficient."); cf. Hudson v.

3

Palmer, 468 U.S. 517, 535 (1984) (recognizing that state tort actions may provide an adequate postdeprivation remedy).

To the extent that Shareef intended to bring an access-to-courts claim based on the alleged destruction of his legal papers, this claim failed as well because he failed to identify a nonfrivolous or arguable legal claim he lost, or what was contained in his destroyed legal documents and how the destroyed documents would had led to a different outcome. See Christopher v. Harbury, 536 U.S. 403, 415-16 (2002); Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that a prisoner must show an actual injury to state a claim for denial of access to courts).

With regard to Shareef's false arrest claim, the District Court properly concluded that it was time-barred. Section 1983 claims are subject to Pennsylvania's two-year statute of limitations. Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 78-79 (3d Cir. 1989). For a claim of false arrest, the limitations period begins to run when the plaintiff is detained pursuant to legal process. Wallace v. Kato, 549 U.S. 384, 389-90 (2007). Shareef's allegations and other filings demonstrate that he was arrested and appeared for a preliminary hearing in May 2016, over two years before he initiated this action, in October 2018. Therefore, the District Court did not err in dismissing Shareef's false arrest claim as time-barred. Furthermore, Shareef's complaints contain no allegations that the Bucks County District Attorney's Office initiated a plan, policy or custom that violated Shareef's constitutional rights, and the District Attorney's Office was therefore

properly dismissed.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Reitz v. Cnty. of Bucks, 125 F.3d 139, 145 (3d Cir. 1997).[2]

Finally, the District Court correctly held that Judge Fullerton was entitled to judicial immunity against Shareef's allegations, which clearly pertained to actions taken in his judicial capacity.  See Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (citing Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam)).

For the foregoing reasons, we will summarily affirm the District Court's order granting the defendants' motions to dismiss and dismissing this action.

---

[2] We note that the Buck County District Attorney's Office was listed as a defendant in the complaint, but not in the amended complaint.